## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHID JIHAD, *Plaintiff*, v. POSITIVE HEALTH CARE, INC., et al., *Defendants*. | Civil Action No. 19-8463 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Rashid Jihad seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section

1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff's Complaint states that he is bringing employment discrimination claims pursuant to Title VII of the Civil Rights Act and the New Jersey Law Against Discrimination (the "LAD").

To plead a discrimination claim under Title VII or the LAD, a plaintiff must plead facts demonstrating that: (1) he belonged to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances that support an inference of discriminatory intent. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999); *Victor v. State*, 203 N.J. 383, 408-09 (2010).

Plaintiff indicates that he was subject to sexual harassment. Plaintiff's Complaint, however, provides very few facts to support his claims. Plaintiff pleads that his supervisor, Defendant Joan Rodney-Roe, attempted to begin a relationship with him but Plaintiff "rebuffed" her advances. Compl. at 4, D.E. 1. Plaintiff continues that after he reported the situation to Defendant Albayyina Sloan in Human Resources, Rodney-Roe became "vindictive, angry and abusive." *Id.* Plaintiff appears to plead that he was wrongfully terminated. *Id.* at 3. Plaintiff, however, does not plead that he was qualified for the position, nor does he provide any facts through which the Court could infer that a discriminatory intent played a role in his termination. Plaintiff also does not indicate when the alleged wrongdoing occurred. He does indicate that he previously filed a complaint with the New Jersey Division of Civil Rights on September 30, 2015. *Id.* Thus, the Court can at most infer that the alleged wrongful conduct occurred before that date. As a result, Plaintiff fails to state a claim for discrimination under Title VII or the LAD.

Plaintiff also appears to assert hostile work environment and retaliation claims under Title VII and the LAD. A hostile work environment may exist when a plaintiff is subjected to "pervasive and regular" discrimination that would "detrimentally affect a reasonable person of the same race or sex in that position." *Johnson v. Atlantic County*, No. 07-4212, 2010 WL 743930, at *10 (D.N.J. Mar. 3, 2010). Plaintiff's single statement that Rodney-Roe became "vindictive, angry, and abusive" is not enough to support a hostile work environment claim. Therefore, the Court

concludes that Plaintiff's hostile work environment claim fails. To state a claim for retaliation under Title VII or the LAD, a plaintiff must show that he "(1) engaged in a protected activity; (2) suffered an adverse employment action; and (3) that there is a causal connection between her participation in the protected activity and the adverse employment action." *Id.* In this instance, Plaintiff pleads that he complained about his supervisor's sexual advances, which may constitute a protected activity. *See, e.g., Kacian v. Postmaster Gen. of U.S.*, 653 F. App'x 125, 128 (3d Cir. 2016) (concluding that the plaintiff engaged in protected activity by complaining of sexual harassment to supervisors). But Plaintiff provides no facts by which the Court can reasonably infer that he was terminated because of his complaints. As a result, Plaintiff fails to state a retaliation claim.

Plaintiff's Title VII claims are also dismissed for failure to comply with the procedural requirements of Title VII. Title VII requires that a complainant file a "charge" and receive a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC") before filing suit in the district court. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). If a plaintiff brings suit under Title VII before receiving a "right to sue letter," the matter may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. *See, e.g., Boyce v. Ancora State Hosp.*, No. 14-0185, 2015 WL 857573, at *3 (D.N.J. Feb. 27, 2015) (dismissing Title VII claims where the plaintiff failed to plead that she complied with the administrative requirements). Here, Plaintiff only states that "[i]t is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding the defendant's discriminatory practices." Compl. at 4. Even assuming that Plaintiff did file a charge with the EEOC, he fails to establish that he also received a right to sue letter. Consequently,

4

Plaintiff's failure to establish that he complied with the administrative requirements of Title VII forms an independent basis for dismissal of his Title VII claims.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.[1]

If Plaintiff wants to proceed with his Title VII claims, he must establish that he filed a charge with the EEOC and received a right to sue letter. And if Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support the claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

Accordingly, and for good cause shown,

IT IS on this 23rd day of May, 2019,

---

[1] On March 12, 2019, Plaintiff filed a letter on the docket that was dated December 10, 2018, that asked for an extension of time to file a lawsuit so Plaintiff could review documents that he received from the New Jersey Division on Civil Rights. D.E. 3, 4. Although Plaintiff's request is unclear because Plaintiff has already filed a complaint, given that Plaintiff's request was submitted in March, the Court concludes that Plaintiff has already had sufficient time to review the documents that he received in March.

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Rashid Jihad's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** in its entirety; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

John Michael Vazquez, U.S.D.J.