NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RASHID JIHAD,

    *Plaintiff,*

v.

POSITIVE HEALTH CARE, INC., et al.,

    *Defendants.*

Civil Action No. 19-8463

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff Rashid Jihad seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. This Court previously granted his application to proceed *in forma pauperis* but dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because it failed to state any cognizable claims. D.E. 5. The Court provided Plaintiff with leave to file an amended complaint, which Plaintiff filed on August 6, 2019 (the "FAC"). D.E. 12.

    When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the FAC liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

The FAC states that Plaintiff is bringing employment discrimination claims pursuant to Title VII of the Civil Rights Act and the New Jersey Law Against Discrimination (the "LAD"). FAC at 3. At the outset, Plaintiff's Title VII claims are dismissed for failure to comply with the procedural requirements of Title VII. Title VII requires that a complainant file a "charge" and receive a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC")

2

before filing suit in the district court. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). If a plaintiff brings suit under Title VII before receiving a "right to sue letter," the matter may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. *See, e.g., Boyce v. Ancora State Hosp.*, No. 14-0185, 2015 WL 857573, at *3 (D.N.J. Feb. 27, 2015) (dismissing Title VII claims where the plaintiff failed to plead that she complied with the administrative requirements). The FAC states that Plaintiff filed a charge with the EEOC regarding the alleged discriminatory practices and that the EEOC found that there was no probable cause. FAC at 10. In a September 25, 2019 letter to the Court, however, Plaintiff attaches a letter that he allegedly forwarded to the EEOC on June 5, 2019 requesting a right to sue notice. D.E. 13. The June 5 letter states that the New Jersey Division of Civil Rights made a determination of no probable cause on June 26, 2018, and requests a right to sue letter from the EEOC as a result of this finding. *Id.* Thus, it appears that Plaintiff has not in fact received a right to sue letter from the EEOC, nor does it appear that he has even filed a charge. Because Plaintiff failed to exhaust his administrative remedies, he fails to state a Title VII claim.

Unlike Title VII, the LAD does not require the exhaustion of administrative remedies. *Rodriquez v. Raymours Furniture Co., Inc.*, 225 N.J. 343, 358 (2016). This Court's subject matter jurisdiction, however, is premised on Plaintiff's Title VII claims. *See* FAC at 3 (stating that "[t]he basis for Federal court jurisdiction is Federal question"). Accordingly, the Court has supplemental jurisdiction over the LAD claims pursuant to 28 U.S.C. § 1367(a). Section 1367(c), however, gives district courts discretion to decline to hear state law claims they would otherwise have supplemental jurisdiction over through Section 1367(a). Specifically, Section 1367(c)(3) provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." When federal claims

3

are dismissed at an early stage of litigation, courts generally decline to exercise supplement jurisdiction over the remaining state-law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Here, at the earliest possible stage of the proceedings, the Court is dismissing Plaintiff's Title VII claims, which provided the Court with federal question jurisdiction. As a result, the Court will use its discretion pursuant to Section 1367(c), and declines to exercise its supplemental jurisdiction at this time. Plaintiff's LAD claims, therefore, are also dismissed for lack of subject matter jurisdiction.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

Plaintiff must include a copy of his right to sue letter from the EEOC if he wishes to proceed with his Title VII claims here. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support the claim and explain the basis for subject matter jurisdiction. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the FAC.

Accordingly, and for good cause shown,

IT IS on this 2nd day of October, 2019,

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED**; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice. Alternately, Plaintiff may decide to pursue his LAD claims in state court. If Plaintiff decides to file suit as to his state claims in state court, he should notify this Court in writing and the Court will close this matter; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.